### In the Matter of the APPLICATION OF Dorian R. BEMBRY.

#### No. H 95–0028.

Court of Criminal Appeals of Oklahoma.

Nov. 2, 1995.

## ORDER DENYING APPLICATION FOR WRIT OF HABEAS CORPUS

On January 11, 1995, Petitioner filed an application for a writ of habeas corpus. The District Court of Pushmataha County denied his petition for a writ of habeas corpus on December 22, 1994, in Case No. CS–94–189.

The record reflects [1]:

1. Petitioner was arrested on August 13, 1994.

2. On August 16, 1994, Petitioner made an initial appearance before the Honorable Lowell R. Burgess, Jr., Associate District Judge, on the charge of being a Fugitive From Justice in Case No. CRF–94–091.

3. On November 16, 1994, Petitioner was discharged on the Fugitive From Justice Charge as alleged in CRF–94–091 by Judge Burgess.

4. On December 16, 1994, Petitioner was arrested by the Antlers Police Department based on a Warrant on Foreign Requisition filed and signed by Governor David Walters on November 30, 1994.

Petitioner asserts that he is being illegally detained because the expiration of the ninety (90) day period is a jurisdictional bar to further proceedings on the same issue.

---

1. The facts are pursuant to an Agreed Statement of Facts by Larry G. Grant, Assistant District

On January 6, 1995, this Court entered an Order denying Petitioner's application for a Writ of Habeas Corpus in Case No. H–94–1359 for failure to attach a copy of the District Court order denying his petition. Rules 10.1 and 10.6(C), *Rules of the Court of Criminal Appeals,* 22 O.S.Supp.1994, Ch. 18, App. Petitioner responded that a written order of the District Court was never filed. Petitioner provided a copy of the partial transcript in which the District Court orally denied his petition for a writ of habeas corpus. However, the transcript did not contain the District Court's findings of fact and conclusions of law supporting its decision.

In an Order issued February 10, 1995, the matter was remanded to the District Court of Pushmataha County to make findings and conclusions of law and to file a written order of its December 22, 1994, decision to deny Petitioner's application for a writ of habeas corpus in Case No. CS–94–189. The order of the District Court was filed May 19, 1995.

The Honorable Doyle E. Blythe concluded that 22 O.S.1991 §§ 1141.15 and 1141.17 do not limit when a Governor's Warrant may be served; that nothing in the statutes passed by the Oklahoma Legislature restrict the period within which the Governor of the State of Oklahoma may issue his rendition warrant nor is there any indication of any legislative intent to restrict that period to ninety (90) days.

In an Order issued June 7, 1995, the Attorney General of the State of Oklahoma was directed to file a response to Petitioner's application specifically addressing whether there is any limitation upon how long a person may be held in the State of Oklahoma pending delivery to officers of the demanding state after a Warrant on Foreign Requisition signed by the Governor of the State of Oklahoma is issued. The State's response was filed June 19, 1995.

The State of Oklahoma believes the Petition for Writ of Habeas Corpus should be denied and the Petitioner be returned to the State of Arkansas, pursuant to the Oklahoma Governor's Warrant on Foreign Requisition

---

Attorney, and Stephen P. Sniegiecki, attorney for Petitioner.

(Governor's Warrant), to face the criminal charges pending in that state.

The State asserts there is no mandatory limitation on the length of detention awaiting transportation from Oklahoma to a demanding state as a result of a Governor's Warrant. Further, the critical action is not the date the Governor's Warrant is issued, but (1) when the Governor's Warrant has been executed and served on the fugitive, and (2) when the fugitive has exhausted his judicial attacks on the validity of the extradition. The State contends that the detention of the fugitive since the serving of the Governor's Warrant on December 16, 1994, is the result solely of Petitioner's continuous judicial attacks on the validity of the extradition which have prevented the Arkansas officials from obtaining custody of the fugitive.

The State further sets forth that Section 3182 of Title 18 of the United States Code provides a recommended time limit, but the time limit is not mandatory, and that the thirty (30) day rule of 18 U.S.C. § 3182 is not intended to apply in cases such as this. In this case the State asserts that Arkansas officials were prepared to take custody of Petitioner as soon as the Governor's Warrant was served, but due to the challenge of the extradition in the Oklahoma judicial system, Arkansas officials have been precluded from returning Petitioner to the State of Arkansas.

The State also argues that the dismissal of a "fugitive from justice" charge at the conclusion of the ninety (90) day statutory period does not bar the subsequent serving of the Governor's Warrant on foreign requisition and arrest on that warrant. "Nothing in the statutes passed by the Oklahoma Legislature restrict the period within which the Governor of the State of Oklahoma may issue his rendition warrant nor is there any indication of any legislative intent to restrict that period to the ninety (90) days. We agree.

We find no merit to Petitioner's contention he is being illegally detained because the expiration of the ninety (90) day period is a jurisdictional bar to further proceedings on the same issue. Petitioner cites no authority to support his contention and we find none.

The record reflects Petitioner was released and the Fugitive from Justice charge dismissed when the Governor's Warrant did not arrive and was not served upon him within the ninety (90) day statutory period. However, subsequently, the Oklahoma Governor's Warrant was issued and Petitioner was properly arrested on that Warrant. We find no violation of Sections 1141.15 or 1141.17 of Title 22 as alleged by Petitioner.

Accordingly, Petitioner's application for a writ of habeas corpus is **DENIED**.

IT IS SO ORDERED.

/s/ Charles A. Johnson
CHARLES A. JOHNSON,
Presiding Judge

/s/ Charles S. Chapel
CHARLES S. CHAPEL,
Vice Presiding Judge

/s/ Gary L. Lumpkin
GARY L. LUMPKIN,
Judge

/s/ James F. Lane
JAMES F. LANE,
Judge

STRUBHAR, J., not participating.